IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Criminal Case No. CR-18-86-RAW |
| | ) |
| KEVIN RUANY GRIJALVA-SOTO, | ) |
| | ) |
| Defendant/Movant. | ) |

**ORDER**

Now before the court is a handwritten "motion for clarity on amendments" filed by *pro se* Defendant Kevin Ruany Grijalva-Soto ("Defendant"). [Doc. 107]. The Government filed a response in opposition to Defendant's motion. [Doc. 111]. Defendant did not file a reply.

Defendant is serving his sentence at FCI McDowell, a Bureau of Prisons ("BOP") facility in West Virginia.[1] He is 36 years old and his projected release date is October 30, 2026. Defendant requests the court to provide "clarity on the recently passed new amendment" and determine whether Defendant is entitled to a sentence reduction or immediate release. [Doc. 107 at 1]. He states that "federal officials have advised federal inmates to contact their sentencing courts to inquire about the new law amendments." *Id*. (cleaned up). He also claims that, "[a]ccording to federal officials[,] there was the elimination of the categorical approach 4B1.2 for determining whether convictions qualify defendants for enhanced penalties, which avoids technical statutory interpretation battles," and that the court "must focus on what the defendant [had actually] done." *Id*. at 2. Defendant notes that he previously received a reduction in sentence in 2024.[2] *Id*. Defendant requests appointment of counsel. *Id*.

In response, the Government contends that "Defendant has specified no guideline change relating to his . . . drug-based sentence, and he likewise has no knowledge of a change impacting his sentence which has been made retroactive." [Doc. 111 at 7]. The Government asserts that the

---

[1]     *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited February 5, 2026).
[2]     *See* Order entered on February 9, 2024. [Doc. 105].

"only specific sentencing guideline or factor he mentions in his motion refers to the categorical approach which has no bearing on his sentence." *Id*. at 8. Moreover, the Government claims it "is unaware of any other change or amendment which would even arguably qualify as a ground for reducing Defendant's sentence." *Id*. The motion, according to the Government, should be denied. *Id*.

Because Defendant is requesting the court to provide clarity on the "recently passed new amendment" and to determine whether he is entitled to a reduction in sentence, Defendant's motion is construed as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2).[3] It is possible that Defendant is seeking retroactive application of Amendment 833 to the sentencing guidelines. The amendment became effective on November 1, 2025.[4] Still, Amendment 833 is not retroactive and Defendant is not entitled to a sentence reduction. *See* U.S.S.G. § 1B1.10(d)*; see also, e.g., United States v. Nunez*, Case No. 2:25-cr-00394-MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026); *United States v. Leones*, Case No. 8:20-cr-138-CEH-AAS, 2025 WL 3537608, at *2 (M.D. Fla. Dec. 10, 2025).

Lastly, insofar as Defendant is alleging "the elimination of the categorical approach 4B1.2 for determining whether convictions qualify defendants for enhanced penalties categorical approach," such argument is inapplicable here. U.S.S.G. § 4B1.2 is the guideline provision that defines various terms used in the career offender guideline, U.S.S.G. § 4B1.1. Defendant was not sentenced as a career offender.

The court is unaware of any change or amendment which would qualify as a ground for reducing Defendant's sentence at this time. Defendant's request for appointment of counsel is

---

[3] The statute provides that "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

[4] *See* https://www.ussc.gov/guidelines/amendment/833 (last visited February 5, 2026).

DENIED.[5]  Defendant's motion for clarity on amendments [Doc. 107], construed as a motion for sentence reduction, is DENIED.

It is so ordered this 5th day of February, 2026.

THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[5]  There is no constitutional right to assistance of counsel in pursuing a § 3582 motion. *See United States v. Olden*, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished); *see also Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . .").